# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

CHARLES BAKER,

    Petitioner,

v.

DEBBIE ASUNCION, Warden,

    Respondent.

Case No. CV 16-7697 GW (MRW)

**ORDER DISMISSING ACTION WITH PREJUDICE**

    The Court summarily dismisses Petitioner's habeas action as untimely under 28 U.S.C. § 2244 and for failure to state a constitutional claim.

\* \* \*

    1.    Petitioner is a state prisoner. In 1995, he pled guilty to murder and attempted murder charges. The state court subsequently sentenced Petitioner to a prison term of 26 years to life in late 1999. Petitioner did not appeal his conviction or sentence. His conviction therefore became final in November 1999. (Docket # 1 at 2; # 14 at 3-4.)

    2.    In 2015, the United States Supreme Court invalidated a provision of the federal Armed Career Criminal Act. Johnson v. United States, ___ U.S. ___,

135 S. Ct. 2551 (2015).  The Supreme Court concluded that the "residual clause" of that statute was unconstitutionally vague.

3. In 2016, Petitioner started habeas proceedings in state court.  His claim: the state felony-murder statute to which he pled guilty has a type of residual clause too, so it must be unconstitutionally vague under <u>Johnson</u>.  After failing to obtain habeas relief in the state court system, Petitioner filed this action in federal court in October 2016.

4. Magistrate Judge Wilner screened Petitioner's habeas action.  The Court noted that Petitioner's action likely was untimely because it was filed long after the one-year limitations period under AEDPA.  (Docket # 5.)  The magistrate judge also noted several judicial decisions holding that the <u>Johnson</u> case had no application to a criminal conviction arising under the state penal code.  Even so, Judge Wilner ordered the petition served on the California Attorney General and directed a response to the petition.

5. The Attorney General moved to dismiss the action.  The Attorney General contends that the 2016 federal action challenging Petitioner's 1999 guilty plea and conviction is facially untimely.  The Attorney General further asserts that, because <u>Johnson</u> does not have any application to Petitioner's state criminal offense, the issuance of that decision in 2015 does not "restart" the time limits under AEDPA.  (Docket # 14.)

\* \* \*

6. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action. 28 U.S.C. § 2243; <u>see also</u> Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may

submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

7. AEDPA imposes a one-year limitation period on state prisoners who seek federal habeas review of their claims. 28 U.S.C. § 2244(d)(1). The statute of limitations is triggered when, among other things, state court appellate review becomes final or if a constitutional right "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(A, C); Lee v. Lampert, 653 F.3d 929, 933 (9th Cir. 2011).

8. Petitioner filed his federal action long after the AEDPA period expired. His conviction became final in late 1999, meaning that his one-year filing period expired at the end of 2000. Petitioner filed his action nearly sixteen years after that. His action is untimely under Section 2244(d)(1)(A).

9. Petitioner argues that the Johnson decision "announc[ed] a new rule that has the effect of rendering California's second degree felony murder rule [un]constitutionally vague." (Docket # 23 at 2.) That, in turn, entitled him to rely on the "newly recognized" rule under Section 2244(d)(1)(C).

10. Petitioner is incorrect. In Johnson, the Supreme Court ruled on a specific provision of a federal criminal statute. Nothing in the Johnson decision or Petitioner's papers supports his claim that the Supreme Court established a new constitutional rule applicable to California's murder statute.

11. Moreover, every district court to look at the issue in this state agrees: Johnson neither identifies a new constitutional right nor restarts the habeas clock under AEDPA in a state habeas action. See, e.g., Walkwek v. Fox, No. CV 17-370 JVS (JCG), 2017 WL 1073343 at *1 (C.D. Cal. 2017) ("Although California Penal Code § 189 [ ] may contain a residual clause, Johnson does not render all such clauses unconstitutionally vague."); Johnson v. Fox, No. CV 16-9245 GW (JCG), 2017 WL 1395512 at *1 (C.D. Cal. 2017) (same); Birdwell v. California, No. CV

16-7221 AG (KS), 2016 WL 5897780 at *2 (C.D. Cal. 2016) ("the Johnson decision is irrelevant here because Petitioner's state prison sentence was not enhanced under ACCA's 'residual clause' nor was his conviction based on any state analogue of that federal criminal statute"); Renteria v. Lizarraga, No. CV 16-1568 RGK (SS), 2016 WL 4650059 at *6 (C.D. Cal. 2016) (same); Lopez v. Castelo, No. CV 16-735 LAB (WVG), 2016 WL 8453921 at *4 (S.D. Cal. 2016) ("Fatal to his position, Petitioner attempts to broaden the holding of Johnson to pertain to a clause found in California's penal code, despite the fact that Johnson dealt solely with the ACCA[.] The Johnson decision has absolutely no applicability to the California murder statute under which Petitioner was convicted and his reliance on Johnson is therefore misplaced.").

12. The Court concludes that Petitioner's habeas action is untimely and fails to state a constitutional claim for relief. The action is summarily DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: June 9, 2017

_____
HON. GEORGE H. WU
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE